## S97Y1709. IN THE MATTER OF PAUL T. ROBINSON.
(495 SE2d 28)

PER CURIAM.

In this extensively litigated disciplinary matter, the State Bar filed Formal Complaints against Respondent Paul T. Robinson in four separate matters. After two days of evidentiary hearings, the special master issued his report, followed by the report of the review panel, issued after consideration of the cases. Both Robinson and the State Bar filed exceptions to both reports. The State Bar, the special master and the review panel all disagree not only as to the appropri-

---

ate punishment in these cases, but also as to the standards violated by Robinson.

The State Bar alleged violations of Standards 44 (wilful abandonment or disregard of a legal matter); 22 (failure to properly withdraw from employment); 24 (aiding a nonlawyer in the unauthorized practice of law); 45 (f) (settling a legal proceeding or claim without proper authorization from client); 4 (engaging in professional conduct involving dishonesty, fraud, deceit or wilful misrepresentation); and 8 (using firm name, professional card . . . or designation that is false, fraudulent, deceptive or misleading) of Bar Rule 4-102 (d). The special master concluded that Robinson violated only Standards 44 (in two of the cases), 24 (in two of the cases) and 8, and recommended that Robinson receive a public reprimand. The review panel, which disagreed with some of the special master's findings, found violations only of Standards 24 (in two of the cases) and 8, and recommended a review panel reprimand for one violation of Standard 24 and a public reprimand for the other Standard 24 violation, as well as the violation of Standard 8.

Although disputed, the facts in these cases indicate that Robinson undertook representation of clients, and then, without formally withdrawing, assigned their cases to legal assistants or other lawyers who did not pursue the claims. Robinson also established a relationship with a chiropractic clinic and utilized on-site legal assistants, referred to as "associates," who met with patients and obtained contracts of representation. These assistants worked on cases with Robinson's knowledge, but Robinson did not discuss the cases with the clients, who assumed that the "associates" were attorneys. The review panel did not find a Standard 44 violation under these facts in one of the cases because some of the predicate acts occurred outside the statute of limitations, and it determined there was no evidence of abandonment within the relevant time period. It also found that Robinson exercised only poor judgment and negligence, not amounting to wilful abandonment, in the other case in which a Standard 44 violation was alleged.

We have reviewed the record and adopt the special master's findings that Robinson violated Standard 44 as well as Standards 24 and 8.

We also agree with the special master and the review panel that Robinson's pattern of conduct is disturbing, particularly in light of the multiple offenses, his refusal to acknowledge the wrongful nature of his conduct and his substantial experience in the practice of law. Due to the seriousness of his violations and the aggravating factors noted above (see Standard 9.2 (c), (d), (g) and (I), ABA Standards for Imposing Lawyer Sanctions (1991)), we believe that a one-year suspension from the practice of law is appropriate punishment for

Robinson's violation of Standard 44. In addition, we agree with the special master that a public reprimand is the proper sanction for Robinson's violations of Standards 24 and 8.

Therefore, Robinson is hereby suspended from the practice of law in the state of Georgia for one year from the date of this opinion for his violation of Standard 44 of Bar Rule 4-102 (d). We remind Robinson of his duties and responsibilities under Bar Rule 4-219 (c) in that regard. Further, it is hereby ordered that for his violations of Standards 24 and 8 of Bar Rule 4-102 (d), Robinson be administered a public reprimand in open court pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c) by a judge of the superior court where Robinson resides or where his disciplinary infractions occurred.

*One-year suspension and public reprimand. All the Justices concur.*

DECIDED JANUARY 26, 1998 —
RECONSIDERATION DENIED FEBRUARY 23, 1998.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar,* for State Bar of Georgia.
*James E. Spence, Jr.,* for Robinson.